234

19477

In The Matter of Lewie G. MERRITT, Jr., Respondent. (Two Cases)
(191 S. E. (2d) 250)

*Messrs. Daniel R. McLeod, Atty. Gen., Irvin D. Parker* and *John P. Wilson, Asst. Attys. Gen.,* of Columbia, *for complainant.*

Respondent not represented by counsel.

August 30, 1972.

*Per Curiam:*

These disciplinary proceedings are before us on rules requiring Lewie G. Merritt, Jr., the respondent herein, a practicing attorney in this State, to show cause why the reports of the Board of Commissioners on Grievances and Discipline finding him guilty of misconduct as an attorney and recommending his disbarment should not be adopted. The respondent has filed no return as required by our Rules on Disciplinary Procedure and has made no appearance in this Court.

In the first case, the Board of Commissioners on Grievances and Discipline has found that respondent, while representing Mrs. Dorothy Price, as administratrix of the estate of E. V. Phillips, did wrongfully and without authorization withdraw funds in the amount of $3,300.00 from the account of the client by forging, or causing to be forged, her signa-

ture on two checks and by appropriating to his own use the money so withdrawn.

In the second case, the Board of commissioners on Grievances and Discipline has found that the respondent, while representing the South Carolina Highway Department in a condemnation proceeding involving lands owned by one Leroy Smith, did receive from the said Highway Department a check of the State Treasurer in the amount of $15,500.00, payable to him and Leroy Smith, representing the payment of the purchase price of the land of the said Leroy Smith and did without authorization or right mishandle and misuse said funds delivered to him in trust by forging or causing to be forged the endorsement of Leroy Smith on the said check and thereafter depositing said funds in his own bank account and using said funds for his own use and benefit.

The findings of the Board that the respondent has been guilty of professional misconduct warranting his disbarment is fully supported by the evidence. We concur in the Board's finding that disbarment is the appropriate disciplinary action that should be invoked, even though restitution has been made in behalf of the respondent.

Accordingly, the respondent is disbarred from the practice of law in this State and he shall forthwith surrender his certificate of admission to practice to the clerk of Court for cancellation.